UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

N⁰ 10-CV-4751 (JFB)
_____

JOSEPH COLES,

Plaintiff,

VERSUS

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant.

_____

**MEMORANDUM AND ORDER**
March 5, 2012
_____

JOSEPH F. BIANCO, District Judge:

Joseph Coles (the "plaintiff" or "Coles") commenced this action, pursuant to the Social Security Act, 42 U.S.C. § 405(g), challenging the decision of the defendant, the Commissioner of the Social Security Administration (the "Commissioner"), that affirmed the Social Security Administration's (the "SSA") fully favorable decision that found that plaintiff was disabled as of December 3, 2003.[1] The Commissioner has moved to dismiss the plaintiff's action for lack of subject matter jurisdiction because the final determination of the SSA was fully favorable to the plaintiff. The Court finds that plaintiff's case is not reviewable by this Court. Accordingly, the Commissioner's motion to dismiss is granted.

I. BACKGROUND

On November 9, 2000, the SSA denied plaintiff's first application for Supplemental Security Income ("SSI") benefits. (AR[2] 49.) Plaintiff did not appeal the SSA's November 9, 2000 decision. (AR 49.) Plaintiff filed a second application for SSI benefits on December 3, 2003 which was denied by the SSA on February 23, 2004. (AR 46-48, 12-15.) Coles requested a hearing and appeared

---

[1] As discussed *infra*, plaintiff's complaint challenges an earlier decision finding that he was not disabled. (Compl. at 8-9.) That decision has been vacated and, in a subsequent decision, the Administrative Law Judge found that plaintiff was disabled as of December 3, 2003. (Administrative Record 203-11.) Thus, in an abundance of caution, this Court construes plaintiff's complaint as a challenge to the most recent decision by the SSA that was affirmed by defendant.

[2] "AR" refers to the administrative record filed on appeal.

1

before Administrative Law Judge ("ALJ") Joseph R. Faraguna on June 23, 2005. (AR 16, 184-99.) On September 15, 2005, ALJ Faraguna found that plaintiff was not disabled, and the Appeals Council denied plaintiff's request for review of ALJ Faraguna's decision on May 10, 2006. (AR 36-45, 6-8.)

On July 7, 2006, the Appeals Council received a second request to review ALJ's Faraguna's decision that indicated that plaintiff has "[m]ore medical evidence" and "[j]ust received a medical allowance claim for SSI." (AR 5.) The Appeals Council construed the filing to be a request to reopen, which was denied, and for an extension of time to file a civil action, which was granted. (AR 3-4.) Plaintiff then commenced a civil action in the United States District Court for the Eastern District of New York under docket number 07-CV-0043 (JFB). (AR 216-17.) By Stipulation and Order dated July 5, 2007, this Court remanded the case to the Commissioner for further administrative proceedings. (AR 216-17.) On August 3, 2007, the Appeals Council vacated ALJ Faraguna's decision and remanded the case for further administrative proceedings. (AR 219-23.) The Appeals Council stated that:

> [t]he claimant's back disorder and affective disorder limited him to performing less than a full range of sedentary work. The evidence indicated that the claimant could only perform simple unskilled sedentary work. The Appeals Council concludes that this determination is supported by the evidence of record in the subsequent claim file. Therefore, the Council <u>affirms</u> [the] State agency's determination dated June 16, 2006. The Administrative Law Judge will address only the period of the original application through June 15, 2006.

(AR. 223.)

A hearing was held before ALJ Faraguna on August 20, 2008, and on September 12, 2008, ALJ Faraguna issued a fully favorable decision finding plaintiff disabled since December 3, 2003, which was the application date of plaintiff's second SSI application. (AR 227-36, 203-11.) ALJ Faraguna noted that:

> The decision on the claimant's prior Title XVI application is not being reopened and revised because the current application was not filed within 2 years from the date of the notice of the initial determination on the prior application (20 CFR 416.1488 *et seq*.). Additionally, the provisions of Social Security Ruling 91-5p were considered and do not apply. Accordingly, the previous decision is final and binding.

(AR 206.) On or about October 14, 2008, plaintiff submitted a letter that stated:

> I would like to appeal the decision that was made on my disability case, I fully agree to getting back from December 2003 until now. But I am appealing the denial on my case from November 9, 2000, I was disabled then and I should be fully compensated for those years also.

(AR. 237.) On August 14, 2010, the Appeals Council found no reason to assume jurisdiction over plaintiff's appeal. (AR 200-02.) The Appeals Council stated:

2

In reaching this conclusion, the Appeals Council considered the exceptions raised in response to the hearing decision. You contend that you are appealing the denial on a case from November 9, 2000 when you were disabled. The September 12, 2008 hearing decision was fully favorable with respect to the December 3, 2003 Supplemental Security Income (SSI) claim. The decision expressly addressed the issue of reopening and/or extending the time to appeal the prior final determination on the prior November 9, 2000, SSI claim but found that the timeframe for reopening had expired by the time the current, December 3, 2003 application was filed, and the provisions of Social Security Ruling 91-5p findings, the hearing decision mistakenly referenced the November 9, 2000 application in the decisional paragraph and should have referenced the December 3, 2003 application. The Appeals Council determines that this was harmless error. The Appeals Council finds no basis for disturbing the December 3, 2003 hearing decision and its finding of disability as of that date. There is no reason to adjudicate the issue of disability prior to that date. The hearing decision was in fact, fully favorable.

(AR 200.)

Plaintiff filed this action on October 15, 2010, as well as an application to proceed *in forma pauperis*. On October 21, 2010, this Court granted plaintiff's application to proceed *in forma pauperis*. On February 15, 2011, defendant filed a motion to dismiss this action for lack of subject matter jurisdiction. On May 11, 2011, defendant filed plaintiff's opposition to its motion to dismiss. The defendant's accompanying letter explained that plaintiff called defendant's office the week prior and indicated that he had mailed his response to the motion to dismiss on March 11, 2011. Defendant informed plaintiff that the opposition was never received and requested another copy. However, the paper filed was a letter dated March 11, 2011, from plaintiff to Loretta Lynch explaining that he did not receive the money awarded to him by a Judge in Jericho, New York. Attached to the letter are documents from a state court proceeding. The letter does not provide a response to the arguments raised by the defendant, nor does the letter address the plaintiff's claims in this case. The Court has fully considered the submissions of the parties.

## II. STANDARD OF REVIEW

The defendant has moved to dismiss the complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but [the Court is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). Moreover, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but we may not rely on conclusory or hearsay statements contained in the affidavits." *Id*. "The plaintiff bears the burden of proving subject

3

matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

### III.  DISCUSSION

Plaintiff's complaint alleges that ALJ Faraguna's September 15, 2005 decision was erroneous and not supported by substantial evidence in the record and/or contrary to the law. (Compl. at ¶¶ 8, 9.) However, as discussed *supra*, ALJ Faraguna's September 15, 2005 decision was already vacated and a fully favorable decision was issued on September 12, 2008. Therefore, in an abundance of caution, the Court construes plaintiff's complaint as a challenge to the September 12, 2008 decision.

Defendant argues that because plaintiff received a favorable decision he lacks standing to bring this suit and, accordingly, this Court lacks jurisdiction. Additionally, defendant argues the ALJ Faraguna's denial of plaintiff's request to reopen the November 9, 2000 determination on plaintiff's SSI claim is not subject to judicial review. For the reasons set forth below, this Court agrees.

### A.  Standing to Challenge a Favorable Decision

The Second Circuit has made clear that "[j]udicial review over Social Security determinations pursuant to 42 U.S.C. § 405(g) 'makes no provision for judicial review of a determination favorable to the complainant.'" *Heller v. Comm'r of Soc. Sec.*, 328 F. App'x 74, 75 (quoting *Jones v. Califano*, 576 F.2d 12, 19 (2d Cir. 1978)).

In this case, ALJ Faraguna's September 12, 2008's decision was fully favorable to the plaintiff. In that decision, ALJ Faraguna stated that "[a]fter careful review of the entire record, the undersigned finds that claimant has been disabled from December 3, 3003 through the date of this decision." (AR 206.) Thus, the decision was fully favorable to plaintiff and is not reviewable by this Court.

### B.  Denial of Plaintiff's Request to Reopen First SSI Claim

Defendant argues that the Commissioner's denial of plaintiff's request to reopen the November 9, 2000 determination on plaintiff's SSI is not reviewable by this Court. For the reasons set for forth below, this Court agrees.

20 C.F.R. § 416.1487 provides that,

(a) General. Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review and that determination or decision becomes final. However, a determination or a decision made in your case which is otherwise final and binding may be reopened and revised by us.

(b) Procedure for reopening and revision. We may reopen a final determination or decision on our own initiative, or you may ask that a final determination or a decision to which you were a party be reopened. In either instance, if we reopen the determination or decision, we may revise that determination or decision. The conditions under which we may reopen a previous determination or decision, either on our own initiative

4

or at your request, are explained in § 416.1488.

20 C.F.R. § 416.1487. The time period for reopening a determination or decision on an SSI claim is within twelve months of the initial determination for any reason, or within two years of the initial determination for good cause. 20 C.F.R. § 416.1488. Good cause is found when: (1) "[n]ew and material evidence is furnished"; (2) "[a] clerical error was made"; or (3) "[t]he evidence that was considered in making the determination or decision clearly shows on its face that an error was made." 20 C.F.R. § 416.1489. Good cause will not be found "[i]f the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made." *Id*.

A denial of a request to reopen a determination or decision is an administrative action and it is not an initial determination. 20 C.F.R. § 416.1403. According to 20 C.F.R. § 416.1403(a)(5), a denial of a request to reopen a determination is "[n]ot subject to the administrative review process . . ." and is [n]ot subject to judicial review." *Id*; *see also Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) ("As a general rule, federal courts lack jurisdiction to review an administrative decision not to reopen a previous claim for benefits.") (citing *Califano v. Sanders*, 430 U.S. 99, 107-09, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)). "Nevertheless, federal courts may review the Commissioner's decision not to reopen a disability application in two circumstances: where the Commissioner has constructively reopened the case and where the claimant has been denied due process." *Byam*, 336 F.3d at 179.

Defendant argues that, if the December 3, 2003 application for SSI is deemed a request to reopen the November 9, 2000 determination, it was untimely because it was filed more than two years after the initial determination denying the prior application. (Def.'s Memo at 5.) Moreover, defendant argues that because the denial of plaintiff's request to reopen is an administrative action that is not an initial determination, it is not reviewable by this Court. (Def.'s Memo at 5.) This Court agrees. As stated by ALJ Faraguna in the September 12, 2008 decision,

> The decision on the claimant's prior Title XVI application is not being reopened and revised because the current application was not filed within 2 years from the date of the notice of the initial determination on the prior application (20 CFR 416.1488 *et seq*.).

(AR 206.) Thus, the request to reopen the denial of plaintiff's SSI on November 9, 2000 was untimely. Moreover, the denial of the request to reopen is not reviewable by this Court. As stated *supra*, denials of requests to reopen a determination or decision are not subject to review unless the Commissioner constructively reopened the case or the plaintiff was denied due process. *See Byam*, 336 F.3d at 179. Here, plaintiff has not made any argument that he was denied due process or that the Commissioner constructively reopened the case. Moreover, despite plaintiff's failure to raise any argument in opposition to the motion to dismiss, the Court has reviewed the Administrative Record and finds that the Commissioner did not constructively reopen plaintiff's November 9, 2000 SSI application, but rather, explicitly stated that it was not reopening its decision. In addition, plaintiff's rights to due process were not violated. Accordingly, this Court

5

is precluded from reviewing the decision not to reopen the November 9, 2000 determination. Thus, defendant's motion to dismiss must be granted.[3]

### IV. CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss is granted in its entirety. The Clerk of Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 5, 2012
       Central Islip, New York

\*   \*   \*

Plaintiff is proceeding *pro se*: Joseph Coles, 724 East Main Street – Howell Avenue, Riverhead, NY 11901. The attorney for the defendant is: Arthur Swerdloff Esq., United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

---

[3] Defendant also states that "[i]t merits noting that in so far as plaintiff may argue that mental incapacity provides good cause for missing the 60-day deadline for seeking review of the November 9, 2000 denial, the ALJ expressly considered the provisions of Social Security Ruling ("SSR") 91-5p, but found that they were not applicable." (Def.'s Memo. at 5.) Plaintiff has not raised this argument in his papers. In any event, the Court agrees that the ALJ expressly considered these provisions, and there is absolutely no basis in the record to disturb the ALJ conclusion that they were inapplicable.